# Richmond

## BERNARD-VANN TOBACCO WAREHOUSE, INC., ET AL. V. JAMES LUTHER GRIFFIN, ET AL.

January 9, 1939.

Record No. 2074.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Theodore C. Pilcher,* for the appellants.

*Bandy & Bandy,* for the appellees.

GREGORY, J., delivered the opinion of the court.

The appellants, Bernard-Vann Tobacco Warehouse, Incorporated, and Utica Mutual Insurance Company are appealing from a final order of the Industrial Commission wherein it was decided that an award in favor of J. L. Griffin, employee, should be paid by the Utica Mutual Insurance Company alone, rather than by it and the Bituminous Casualty Corporation jointly.

This appeal does not involve the right of the employee, Griffin, to the award nor the amount thereof. We are only interested in whether the award is to be paid solely by the Utica Mutual Insurance Company or whether it is to be paid jointly by it and the Bituminous Casualty Corporation.

The Bituminous Casualty Corporation had been the insurer of Bernard-Vann Tobacco Warehouse, Incorporated, for several years. Its policy expired on January 14, 1938. This insurance carrier issued a renewal of the policy and sent it along with a bill for the premium, but it was never paid and the renewal never accepted. The employer decided to give the insurance to the Utica Mutual Insurance Company at the expiration date and this latter company issued and delivered its policy to the employer which paid the premium.

The accident to the employee, Griffin, occurred on January 20, 1938. The employer had failed to accept the renewal of the Bituminous Casualty Corporation and pay the premium, and had placed the insurance with the Utica Mutual Insurance Company; the Bituminous Casualty Corporation, therefore, canceled its renewal after the accident had occurred. The Utica Mutual Insurance Company accepted the risk, collected the premium and reported the accident to the commission. These material facts were found by the commission and the finding is supported by the evidence. Its conclusion was that the award should be paid by the Utica Mutual Insurance Company. In this conclusion we concur. The fact that the employer placed the insur-

ance with the Utica Mutual Insurance Company shows quite clearly that it did not intend to accept the renewal of the policy of the Bituminous Casualty Corporation.

*Affirmed.*